UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
TC SKYWARD AVIATION U.S., INC.,

                      Plaintiff,

                -against-

DEUTSCHE BANK AG, NEW YORK BRANCH,

                      Defendant.
------------------------------------------------------------------------ X

**COMPLAINT**

20 Civ. ___

Plaintiff TC Skyward Aviation U.S., Inc. ("TC Skyward"), by its undersigned counsel, for its complaint against Defendant Deutsche Bank AG, New York Branch ("DBNY") alleges as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages arising from DBNY's breach of contract in failing to honor a draw request on an irrevocable standby letter of credit issued by DBNY in favor of TC Skyward (the "Letter of Credit") (attached as Exhibit 1). Although TC Skyward presented a valid draw request (the "Draw Request") (attached as Exhibit 2) that complied with all terms of the Letter of Credit, DBNY has refused to pay the amounts due to TC Skyward. TC Skyward therefore seeks an award of money damages, including $12,020,000.00 as the principal amount of the Draw Request, plus incidental damages, attorney's fees, and interest.

## THE PARTIES

2. Plaintiff TC Skyward is a corporation that specializes in aviation leasing and financing. TC Skyward is incorporated in Delaware, with its principal place of business in Centennial, Colorado.

3. On information and belief, Defendant DBNY is a branch office of Deutsche Bank AG. Deutsche Bank AG is a foreign corporation organized under the laws of Germany with its principal place of business in Frankfurt, Germany. DBNY is therefore a citizen of Germany. DBNY is licensed by the State of New York Department of Financial Services. The Letter of Credit states that DBNY's address is 60 Wall Street, New York, New York. At all times alleged herein, DBNY conducted business in New York.

## NON-PARTIES

4. On information and belief, TAM Linhas Aéreas, S.A. ("TAM") is a company organized under the laws of Brazil with its principal place of business in São Paulo, Brazil.

5. On information and belief, 777 Components Leasing, LLC ("777 Components") is a limited liability company organized under the laws of Delaware with its principal place of business in Fort Lauderdale, Florida.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a)(2), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is diversity between the plaintiff and defendant.

7. This Court has personal jurisdiction over the defendant under N.Y. C.P.L.R. § 302(a) because DBNY transacts business in New York and TC Skyward's claims arose from these transactions.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims primarily occurred in this District. Specifically,

DBNY's issuance of the Letter of Credit and subsequent dishonor of the Draw Request occurred in this District.

### FACTUAL BACKGROUND

9. On the effective date of September 28, 2018, TAM entered into a sale and leaseback agreement (the "<u>SLBA</u>") with 777 Components. Under the SLBA, 777 Components agreed to purchase from and then lease back to TAM an inventory of spare aircraft parts.

10. TC Skyward acted as lender to 777 Components to finance its purchase.

11. The SLBA obligated TAM to cause an irrevocable standby letter of credit in the amount of $14,520,000.00 to be issued in favor of TC Skyward to secure its financing costs.

12. The SLBA provides that TAM filing a bankruptcy petition is an "event of default" that entitles TC Skyward to draw on the letter of credit up to a specified "Letter of Credit Draw Value."

13. The Letter of Credit Draw Value was initially set to $14,520,000.00 but was to be progressively reduced as TAM made rental payments.

14. In accordance with the SLBA, on October 12, 2018, TAM, as the applicant, caused DBNY to issue the Letter of Credit in favor of TC Skyward, as the beneficiary, in the amount of $14,520,000.00.

15. The Letter of Credit provides two options for a draw request. The first option requires that a draw request meet only the following conditions to be valid: (1) presentation of the original Letter of Credit and all amendments (if any); and (2) a statement in the required form set forth in the Letter of Credit that the amount being drawn had become "due and payable" by TAM under the SLBA. The Letter of Credit states, in relevant part:

BY ORDER OF TAM LINHAS AEREAS, S.A.

. . .

WE DEUTSCHE BANK AG, NEW YORK BRANCH HEREBY ISSUE IN YOUR FAVOR OUR IRREVOCABLE STANDBY LETTER OF CREDIT NO. 839BGB1800312 FOR USD 14,520,000.00 (IN WORDS: FOURTEEN MILLION FIVE HUNDRED TWENTY THOUSAND AND 00/100 US DOLLARS) AVAILABLE AGAINST PRESENTATION OF THE FOLLOWING:

A) ORIGINAL LETTER OF CREDIT ALONG WITH ALL AMENDMENTS (IF ANY)

B) BENEFICIARY'S STATEMENT PURPORTEDLY SIGNED BY AN AUTHORIZED SIGNATORY STATING:

QUOTE

I) THE AMOUNT OF USD X HAS BECOME DUE AND PAYABLE BY THE APPLICANT UNDER THE LEASE,

. . .

IN EITHER CASE, MAKING REFERENCE TO THE STANDBY LETTER OF CREDIT NO. 839BGB1800312 ISSUED BY DEUTSCHE BANK AG NEW YORK BRANCH, IN FAVOR OF TC SKYWARD AVIATION U.S., INC., ON OCTOBER 12, 2018

UNQUOTE

16. The Letter of Credit further confirmed that DBNY would honor and pay all amounts due under a draw request that complied with the above conditions:

WE HEREBY CONFIRM WITH BENEFICIARY THAT DOCUMENTS DRAWN UNDER AND IN FULL COMPLIANCE WITH CREDIT TERMS WILL BE DULY HONORED UPON PRESENTATION AT OUR COUNTERS AT 60 WALL STREET, ATTN: TRADE FINANCE OPERATIONS, 23RD FLOOR, NEW YORK, NY 10005 ON OR BEFORE THE EXPIRATION DATE AS STATED ABOVE.

17. On July 9, 2020, TAM filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District of New York. *In re TAM Linhas Aéreas, S.A.*, Case No. 20-11598-jlg (Bankr. S.D.N.Y.).

18. TAM's filing of a Chapter 11 bankruptcy petition constituted an "event of default" under the SLBA that entitled TC Skyward to draw on the Letter of Credit in the amount of the Letter of Credit Draw Value.

19. TC Skyward exercised this draw right by presenting the Draw Request at the offices of DBNY on July 15, 2020 for the applicable Letter of Credit Draw Value of $12,020,000.00.

20. The Draw Request fully complied with all conditions for payment described above.

21. DBNY confirmed receipt of the Draw Request, by e-mail on July 15, 2020 (in the email thread attached as Exhibit 3).

22. The following day, DBNY acknowledged by email (included in Exhibit 3) that the Draw Request on its face complied with all conditions of the Letter of Credit. DBNY further indicated in the same email that it had claimed reimbursement from TAM, as the applicant, and would make payment to TC Skyward by July 20, 2020 at the latest.

23. But on July 24, 2020, DBNY reversed its position and informed TC Skyward by letter (attached as Exhibit 4) that it had "decided not to honor the draw . . . ."

24. DBNY did not identify any defect on the face of the Draw Request. Rather, DBNY's letter (Exhibit 4) relied solely on alleged statements made by TAM that no amounts were due and payable by TAM under the lease, that DBNY should not honor the Draw Request, and that "such honor would be wrongful."

25. TC Skyward objected to DBNY's decision, but DBNY has maintained its refusal to honor the Draw Request.

26. The Letter of Credit by its terms expires on October 4, 2020.

## APPLICABLE LAW

27. N.Y. U.C.C. § 5-116(b) provides that "the liability of an issuer . . . for action or omission is governed by the law of the jurisdiction in which the person is located," and a person is located at the address indicated in the letter of credit. For purposes of jurisdiction and choice of law, "all branches of a bank are considered separate juridical entities and a bank is considered to be located at the place where its relevant branch is considered to be located under this subsection." *Id.* at § 5-116(b). Here, the Letter of Credit states that DBNY's address is 60 Wall Street in New York, New York. Therefore, New York law applies to its liability under the Letter of Credit.

28. The Letter of Credit additionally provides that it is "subject to ISP98 International Chamber of Commerce, Publication No. 590." ISP98 [International Standby Practices] is a set of international rules designed to apply to standby letters of credit. ISP98 provides that its rules "supplement the applicable law to the extent not prohibited by that law." ISP98 § 1.02.

29. N.Y. U.C.C. § 5-116(c) provides that "the liability of an issuer . . . is governed by any rules of custom or practice . . . to which the letter of credit . . . is expressly made subject." In the event of a conflict between Article 5 of the N.Y. U.C.C. and such rules, such rules govern except to the extent of a conflict with the nonvariable provisions specified in N.Y. U.C.C § 5-103(c). *Id.* at § 5-116(c). One of those nonvariable provisions is N.Y. U.C.C. § 5-103(d). *Id.* at § 5-103(c).

30. Both New York law and ISP98 recognize that the obligations of an issuer to a beneficiary are independent of the performance or nonperformance of the contract out of which the letter of credit arises, including any contract or arrangement between the applicant and the beneficiary, and do not depend on the beneficiary's right to obtain payment from the applicant or on the issuer's knowledge of the performance or breach of any underlying transaction. N.Y. U.C.C. § 5-103(d); ISP98 § 1.06(c). Thus, an issuer is obligated to honor a draw request that on its face strictly complies with the terms and conditions of the letter of credit. N.Y. U.C.C. § 5-108(a); ISP98 §§ 1.06(d), 2.01(a), 4.01(b).

31. In deciding whether to honor a draw request, the issuer must disregard any "non-documentary conditions" in a letter of credit and "treat them as if they were not stated." N.Y. U.C.C. § 5-108(g); ISP98 § 4.11(a). Conditions are "non-documentary" if a standby letter of credit does not require the presentation of a document in which such conditions are evidenced and if their fulfillment cannot be determined by the issuer from its own records or within its normal operations. ISP98 § 4.11(b).

## CLAIM FOR RELIEF

### BREACH OF CONTRACT

32. TC Skyward repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33. DBNY was required under the Letter of Credit and applicable law to honor and pay any draw request submitted by TC Skyward that complied with the terms of the Letter of Credit.

34. The Draw Request fully complied with the terms of the Letter of Credit.

35. DBNY breached the terms of the Letter of Credit by its failure to honor and pay the Draw Request.

36. TC Skyward has sustained damages as a result of this breach.

37. DBNY's sole basis for dishonoring the Draw Request was its reliance on an alleged statement by TAM that no amounts were due and payable by TAM under the SLBA. But under both New York law and ISP98, DBNY is barred from looking beyond the terms of the Letter of Credit and considering an underlying contractual dispute between TC Skyward and TAM in deciding whether to honor the Draw Request.

38. Regardless, TAM's bankruptcy filing plainly constituted an "event of default" under the SLBA that entitled TC Skyward to draw on the Letter of Credit up to the Letter of Credit Draw Value.

39. TC Skyward is entitled to recover from DBNY $12,020,000.00 as the principal amount of the Draw Request, plus incidental damages, under N.Y. U.C.C. § 5-111(a). TC Skyward is also entitled to pre- and post-judgment interest on the amount of the Draw Request from the date of the wrongful dishonor. N.Y. U.C.C. § 5-111(d).

40. TC Skyward is entitled to attorney's fees in amounts to be determined and to pre- and post-judgment interest thereon.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff TC Skyward respectfully requests this Court to enter judgment in its favor granting TC Skyward:

(1) an award of $12,020,000.00 as the principal amount of the Draw Request wrongfully dishonored by DBNY;

(2) incidental damages to be quantified at a later date;

(3) attorney's fees to be quantified at a later date;

(4) pre- and post-judgment interest on all damages; and

(5) such other and further relief as the Court deems proper.

New York, New York
October 1, 2020

                      Respectfully submitted,

                      CURTIS, MALLET-PREVOST,
                         COLT & MOSLE LLP

                      By: /s/ Robert Honeywell
                         Robert Honeywell
                         Jonathan J. Walsh
                         Nancy Delaney
                         Robert Groot
                      101 Park Avenue
                      New York, New York  10178-0061
                      (212) 696-6000

                      *Attorneys for Plaintiff*
                      *TC Skyward Aviation U.S., Inc.*